**AGP, L.P., et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 97–515C.

United States Court of Federal Claims.

Sept. 11, 1998.

Brian S. Goldstein, New York City, attorney of record for plaintiffs.

Lara Levinson, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant.

### OPINION

REGINALD W. GIBSON, Senior Judge.

### INTRODUCTION

Plaintiffs, AGP, L.P., et al., filed a claim in this court challenging the constitutionality of the Harbor Maintenance Tax (HMT) on exports and seeking a refund of payments made under the HMT. Subsequent to the filing of this claim, however, the United States Supreme Court has held that the Court of International Trade (CIT) has *exclusive* jurisdiction over challenges to the HMT. This circumstance, of course, divests the Court of Federal Claims (COFC) of jurisdiction to hear such challenges. *United States v. United States Shoe Corp.,* —— U.S. ——, 118 S.Ct. 1290, 140 L.Ed.2d 453 (1998).

The Supreme Court recommended therein that plaintiffs herein may seek to have their claims transferred to the CIT pursuant to the federal transfer statute, 28 U.S.C. § 1631. Against this background, both parties have reached different conclusions as to the procedural impact of the Supreme Court's recent decision on the case at bar—

the Government seeks a dismissal of the case without prejudice, while plaintiffs seek to have it transferred to the CIT.

## BACKGROUND

The HMT was enacted as part of the Water Resources Development Act of 1986, 26 U.S.C. §§ 4461–4462, and was first imposed on April 1, 1987. Levied upon imports and exports, it is an *ad valorem* tax assessed on 0.125% of the value of the commercial cargo loaded on or unloaded from commercial vessels. 26 U.S.C. § 4461(c). When assessed on exports, the tax accrues on a quarterly basis and is due no later than 31 days after the close of each quarter. 19 C.F.R. § 24.24(f).

Plaintiffs are exporters and separate corporations who have joined in a single action to challenge the constitutionality of the HMT. Their complaint alleges that the HMT violated the Export Clause and the due process clause of the Fifth Amendment of the United States Constitution. Shortly after the instant case was filed in this court, it was stayed on motion by the Government when the Supreme Court granted certiorari to the U.S. Court of Appeals for the Federal Circuit in *United States Shoe Corp. v. United States*, 114 F.3d 1564 (Fed.Cir.1997), respecting the constitutionality of the HMT.

In that case, the Supreme Court held that the HMT, as applied to exported goods, violated the Constitution's Export Clause. *United States Shoe*, —— U.S. at ——, 118 S.Ct. at 1296. Additionally, and more importantly, the Supreme Court held that the CIT had *exclusive* jurisdiction over challenges to the HMT, while the Court of Federal Claims lacked jurisdiction to hear such challenges. *Id.* at —— n. 3, 118 S.Ct. at 1294 n. 3. As to claims pending in the COFC, the Supreme Court advised that, "[t]he plaintiffs in these challenges may invoke § 1631, which authorizes inter-court transfers, when 'in the interest of justice,' to cure [the] want of jurisdiction." *Id.*

Following the Supreme Court's opinion in *United States Shoe*, both parties at bar filed

motions in this court—defendant, of course, to dismiss the case, and plaintiffs to transfer the case to the CIT. Plaintiffs, citing the Supreme Court's operative language regarding transfer, contend that subject claim should be transferred to the CIT because it could have been filed in the CIT in the first instance, and, moreover, a transfer to the CIT would be "in the interest of justice." Plaintiffs argue that their claim, even if it had been filed in the CIT in the first instance, would not have been time-barred by the two-year statute of limitations. Additionally, they argue, the "interest of justice" clearly requires inter-court transfer because they initially filed in good faith in this court when there was no conclusive rule of law on the issue of the COFC's jurisdiction of HMT claims. Dismissal, therefore, even without prejudice, would jeopardize plaintiffs because, if they were to thereafter re-file their claim in the CIT, they would lose the benefit of their original filing date in this court. Moreover, plaintiffs would incur the expense of *re*-filing the case and lose the time-value of their monetary claim should they be successful.

Defendant, on the other hand, argues for dismissal, rather than transfer, by averring in general, that HMT claims in the COFC are "brought by plaintiffs who [also] have suits for refunds pending in the CIT, but who are seeking a longer statute of limitations by filing in this Court." Defendant's Response to Plaintiff's Motion to Transfer, filed May 28, 1998, at 1. The Government concedes that it does not oppose transfer of HMT claims to the CIT if plaintiffs prove that: (1) they do not have a case "challenging the HMT currently pending in the CIT that can be amended to include additional payment periods," and (2) their claims "fall within the statute of limitations applicable in that Court." *Id.* at 2.[1] In substance, the Government argues that because plaintiffs have failed to demonstrate that this case falls within the Government's foregoing criteria, this case is inappropriate for transfer and should be dismissed.

---

1. This argument and language was substantially duplicated from Defendant's Motion to Dismiss

for Lack of Jurisdiction, filed April 30, 1998, at 5 n. 3.

## DISCUSSION

We take it as irrefutably resolved, in light of the Supreme Court's *United States Shoe* opinion, that subject matter jurisdiction over plaintiffs' claim at bar is exclusive in the CIT, and thus, jurisdiction in this court is lacking. — U.S. at ——, 118 S.Ct. at 1294. The Supreme Court, moreover, noted that numerous HMT claims had been filed in the COFC and suggested that these cases might be transferred to the CIT pursuant to the federal transfer statute, 28 U.S.C. § 1631. Consequently, the issue before this Court is whether it is appropriate to dismiss this action for want of jurisdiction or whether transfer is proper under § 1631. On this record, we will dismiss plaintiffs' claim only if transfer under § 1631 is not "in the interest of justice."

The operative federal transfer statute reads as follows:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice,* transfer such action . . . to any other *such court in which the action . . . could have been brought* at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). The plain meaning of this statute dictates that this court shall determine two questions—(i) whether this case could have *originally* been filed in the transferee court, and (ii) whether it is "in the interest of justice" to transfer this case.

The Supreme Court conclusively determined that the CIT has exclusive jurisdiction over HMT claims: "Because we determine that the Court of International Trade has exclusive jurisdiction over challenges to the HMT . . . it follows that the Court of Federal Claims lacks jurisdiction over the challenges to the HMT currently pending there." *United States Shoe,* — U.S. at —— n. 3, 118

S.Ct. at 1294 n. 3. Thus, there can be no question as to the first issue that plaintiffs' claim could have originally been filed in the CIT, the transferee court.

With respect to the second issue, *i.e.,* that transfer of a case must be dictated by the "interest of justice," case law provides that plaintiffs have a viable interest in the transfer of their claim rather than dismissal. Section 1631 states that the transferred case retains the same filing date when transferred to the transferee court as it had in the transferor court. *Best v. United States,* 14 Cl.Ct. 720, 724 (1988). The CIT has already announced that it intends to process HMT claims in the order of filing date. *United States Shoe Corp. v. United States,* No. 94–11–00668, slip op. 98–107, 1998 WL 419353 (C.I.T. filed July 23, 1998). Thus, by the CIT, upon transfer, retaining the original filing date in this court, plaintiffs' claim would be processed more expeditiously than if the filing date were as of the date of transfer. Consequently, plaintiffs have a viable interest in preserving their original filing date. Because dismissal would not preserve the earlier filing date, transfer is the preferable alternative for plaintiffs. Justice has no interest in causing hardship to a party who has sought relief in good faith in a court with apparent jurisdiction, as plaintiffs have done here. Transfer, therefore, rather than dismissal, would serve the interest of justice.

Finally, there is also the possibility that if the subject claim is dismissed and re-filed in the CIT, the new claim could be time barred. "If dismissal of a claim would result in the claim being time-barred when it is re-filed in a court of proper jurisdiction, then justice requires transfer." *Cavin v. United States,* 19 Cl.Ct. 190, 197 (1989). There is no authority of which this court is aware that states the point in time when HMT claims accrue for statute of limitations purposes. The parties provide no such authority, merely offering their respective theories as to the application of the CIT's two-year statute of limitations to HMT claims. 28 U.S.C. § 2636(i).[2] Because the possibility exists

2. The CIT is the court that is in the best position to analyze and apply its statute of limitations to these claims. Thus, this court rejects the Government's argument that transfer is inappropriate because plaintiffs' claim could not have been filed in the CIT because of its statute of limita-

that plaintiffs' claim could be time barred if we dismiss and they are required to re-file, the interest of justice would dictate transfer of the claim rather than dismissal.

## CONCLUSION

Initially, plaintiffs could have filed their claim in the CIT rather than in the COFC. Given all of the foregoing, it clearly serves the interest of justice to transfer, rather dismiss, this claim. Plaintiffs' motion, filed on May 14, 1998, to transfer pursuant to 28 U.S.C. § 1631 is hereby GRANTED, and defendant's motion, filed on April 30, 1998, to dismiss is hereby DENIED. The Clerk shall transfer subject case to the U.S. Court of International Trade forthwith.

IT IS SO ORDERED.

---

tions. Statutes of limitations are affirmative defenses, best raised in a court with jurisdiction over the claim. In this matter, we embrace Judge Bruggink's statement to the effect that the CIT is the proper forum for determining whether an HMT claim is time-barred. *Brunswick Corp. v. United States*, COFC No. 97–36C (June 18, 1998).